**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTER DISTRICT OF VIRGINIA**
**Norfolk Division**

| | |
|---|---|
| **COVINGTON SPECIALTY** )<br>**INSURANCE COMPANY** )<br> )<br>      **Plaintiff,** )<br> )<br>v. )<br> )<br>**OMEGA RESTAURANT &** )<br>**BAR, LLC** )<br>**Serve: F. Sullivan Callahan, PLLC** )<br>    **Registered Agent** )<br>    **327 Duke Street** )<br>    **Norfolk, VA 23510** )<br> )<br>      **Defendant.** ) | Civil Action No. _____ |

## COMPLAINT

Plaintiff, Covington Specialty Insurance Company ("Covington") by and through counsel, state as follows for its Complaint for Declaratory Judgement against Omega Restaurant & Bar, LLC ("Omega"):

## PARTIES

1. Covington is an insurance company organized under New Hampshire law with its principal place of business located in Atlanta, Georgia. Covington is authorized to transact the business of insurance by the Virginia Bureau of Insurance.

2. Omega is Virginia limited liability company with its principal place of business located in Virginia Beach, Virginia. Omega's members are individuals who are citizens of the Commonwealth of Virginia.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS PERTINENT TO THE CLAIMS

5. Covington issued three Commercial General Liability policies to Omega as the named Insured for the Policies, with the last one having a Policy Period of August 7, 2015 to August 7, 2016, and a Policy Number of VBA379367 00, which is attached as Exhibit 1 (the "Policy").

6. The Policy provides coverage for Bodily Injury and Property Injury, under Coverage A, and Personal and Advertising Injury Liability, under Coverage B, subject to certain conditions and exclusions as further set forth in the Policy.

7. In September 2020, Omega was sued by various plaintiffs in the Circuit Court of Fairfax County in the case styled *Brenda Lynn Geiger, et al. v. Omega Restaurant & Bar, LLC d/b/a Omega Bar a/k/a Omega*, Case No. 2020 14428 (the "Lawsuit").

8. Shortly afterwards, Covington was provided notice of the claim against Omega through receipt of the Complaint filed in the Lawsuit on November 18, 2020.

9. Covington provided Omega with its preliminary coverage analysis and reservation of rights via letter dated November 23, 2020 (the "ROR Letter").

10. As set forth in the ROR Letter, Covington provided Omega with a defense of the claims asserted in the lawsuit, subject to a full reservation of rights, because certain of the Counts

in the Complaint potentially implicated coverage under the Policy. However, the ROR Letter reserved Covington's rights under the Policy, including its right to exclude coverage under the "intellectual property" exclusion in the Policy.

11. In April 2021, the plaintiffs in the Lawsuit filed an Amended Complaint. A copy of the Amended Complaint is attached as Exhibit 2.

12. The Amended Complaint in the Lawsuit alleges that the plaintiffs in the Lawsuit are purportedly well-known professional models and that Omega, along with other un-named parties, misappropriated and without authorization used the plaintiffs' images, photos, and likeness for commercial purposes by publishing their images on the Omega website and social media accounts as part of Omega's advertising campaigns.

13. All of the plaintiffs' claims in the Amended Complaint arise out of the alleged posting, use, or display of the plaintiffs' images on Omega's website and social media accounts.

14. The Amended Complaint in the Lawsuit asserts claims for the unauthorized use of the plaintiffs' images and likeness for advertising purposes in violation of Va. Code § 8.01-40 (First Cause of Action), violation of the Virginia business conspiracy statute, Va. Code §§ 18.2-499 and -500 (Second Cause of Action), and violations of the Lanham Act for allegedly false advertising and false association (Third and Fourth Causes of Action, respectively).

## COUNT I
## DECLARATORY JUDGMENT

15. Covington incorporates all allegations in this Complaint.

16. A dispute has arisen between the parties as to whether the allegations in the Amended Complaint raise a potential claim that would be covered by the Policy.

17. Covington is entitled to a declaration from this Court that the allegations in the Amended Complaint fail to raise a potential claim that would be covered by the Policy, and therefore, Covington does not owe Omega a duty to defend the Amended Complaint.

18. Declaratory relief is necessary and appropriate so that Covington may determine its rights under the Policy, which excludes coverage for the claims asserted in the Amended Complaint.

19. This Court should declare that the allegations forming the basis for the First Cause of Action in the Amended Complaint for violation of Va. Code § 8.01-40 are excluded by the Policy under the "intellectual property" exclusion to Personal and Advertising Injury Liability Coverage.

> The Policy defines "personal and advertising injury" to mean:
>
> injury, including consequential 'bodily injury', arising out of one or more of the following:
>
> a. False arrest, detention or imprisonment;
>
> b. Malicious prosecution;
>
> c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lesser;
>
> d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
>
> e. Oral or written publication, in any manner, of material that violates a person's right of privacy;
>
> f. The use of another's advertising idea in you "advertisement", or
>
> g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

20. The Policy excludes from personal and advertising injury coverage:

i. Infringement of Copyright, Patent, Trademark or Trade Secret

"Personal and advertising injury" arising out of the infringement of copyrights, patents, trademarks, trade secrets or other intellectual property rights under this exclusion, such other property rights do not include the use of another's advertising ideas in your "advertisements."

21. Under well-established Virginia law, Va. Code § 8.01-40 provides a statutory cause of action "premised on the concept that a person holds a property interest in his name or likeness." *PTS Corp. v. Buckman*, 263 Va. 613, 620 (2002); *see also Lavery v. Automation Mgmt. Consultants, Inc.*, 234 Va. 145, 154 (1987)("We hold that Code § 8.01-40(A) creates in an individual a species of property right in their name and likeness.").

22. Because the privacy interest that is protected by Va. Code § 8.01-40 is a person's an intellectual property interest in their name and likeness, the claim is excluded pursuant to the intellectual property exclusion of the Policy.

23. Likewise, the claims for alleged violation of the Lanham Act are excluded by the intellectual property exclusion.

24. Finally, because the underlying torts that form the basis of the alleged statutory conspiracy claim are excluded by the Policy, there is no coverage for the alleged statutory conspiracy claim.

25. Moreover, while the statutory conspiracy provision of the Virginia Code provides for a civil remedy, the conduct giving rise to the civil remedy is a criminal act that requires proof of an agreement between the alleged conspirators to willfully and maliciously injure the Plaintiffs in their reputation, trade, business, or profession. Accordingly, there is no coverage for

this Cause of Action because it is excluded by "Knowing Violation of Rights of Another" and "Criminal Acts" exclusions in the Policy.

26. A declaration of the parties' rights is particularly appropriate in this case because the declaration does not require a determination of whether the allegations in the underlying Amended Complaint are true or false. Instead, a comparison of the four corners of the Amended Complaint with the four corners of the Policy establishes that the Amended Complaint fails to allege facts the potentially could lead to claims for which Covington would owe Omega a duty to indemnify the claim, and therefore, Covington owes Omega no duty to defend the Amended Complaint.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully request that judgement be entered in its favor and against Defendant declaring that under the Policy Plaintiff does not owe Defendant a duty to defend or to indemnify the claims asserted in the Amended Complaint, and such other relief as the Court may deem necessary and appropriate, including an order that Defendant reimburse Plaintiff for defense cost incurred by Plaintiff after the Amended Complaint was filed in the Lawsuit.

Dated:   May 4, 2021                     Respectfully submitted,

**COVINGTON SPECIALTY INSURANCE COMPANY**

*/s/ Charles M. Sims*
Charles M. Sims (VA Bar # 35845)
Rachael L. Loughlin (VA Bar # 84133)
O'HAGAN MEYER, PLLC
411 East Franklin Street, Suite 500
Richmond, Virginia 23219
Tel: (804) 403-7100
Fax: (804) 237-0250
CSims@ohaganmeyer.com
RLoughlin@ohaganmeyer.com
*Counsel for Plaintiff*